# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRANT SULEY,  )
             )
    Plaintiff, )
             )  Civil Action No. 10-1559
v.           )  Judge Nora Barry Fischer
             )
PLUM BOROUGH, )
             )
    Defendant. )

## MEMORANDUM ORDER

### I.  INTRODUCTION

On November 23, 2010, Plaintiff Brant Suley ("Plaintiff") commenced this action by filing a Complaint (Docket No. 1) against Plum Borough ("Defendant") pursuant to 42 U.S.C. § 1983. In the first three Counts of his Complaint, Plaintiff alleges that Defendant denied him employment with its police force in a manner in violation with his federal constitutional rights. *Id*. at 5-10. At Count IV, the Complaint also sets forth a pendent state claim under the Pennsylvania Veterans' Preference Act ("VPA"), 51 Pa. C.S. §§ 7101-04. *Id*. at 10-11.

Defendant filed a Motion to Dismiss Plaintiff's Complaint (Docket No. [6]) on February 14, 2011 arguing that the Complaint should be dismissed for failure to state a claim because Plaintiff's has not set forth a constitutional right which has been violated. (Docket No. 7 at 5-9). On March 7, 2011, Plaintiff filed his Response in Opposition to Defendant's Motion to Dismiss (Docket No. 9) wherein his asserts that he has satisfied his burden of pleading a claim in accordance with the liberal pleading requirements identified in Federal Rule of Civil Procedure

8(a).¹ (Docket No. 10 at 19-20). In the alternative, Plaintiff requests that the Court grant leave to amend the Complaint to cure it of any deficiencies. *Id*. at 20.

For the following reasons, Plaintiff's request for leave to amend his Complaint (Docket No. 10 at 20) is GRANTED and Defendant's Motion to Dismiss Plaintiff's Complaint (Docket No. [6]) is DENIED, without prejudice.

## II.     LEGAL STANDARD

After a responsive pleading has been filed, a party may amend its pleading only "by leave of the court or by written consent of the adverse party." FED. R. CIV. P. 15(a). The Federal Rules of Civil Procedure also provide that courts should freely give leave to amend when "justice so requires." FED. R. CIV. P. 15(a)(2). Denial of leave to amend is disfavored; and a district judge should grant leave absent a substantial reason to deny. Moore's Federal Practice, 3 ed., vol. 3, 15.14(1); see also *Shane v. Fauver*, 213 F.3d 113, 115-117 (3d Cir. 2000).

Whether to grant a party leave to amend a pleading is within the sound discretion of the trial judge. *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003). This Court has discretion to deny such a request if it is apparent from the record that: (1) the moving party has demonstrated undue delay, bad faith or dilatory motives; (2) the amendment would be futile; or (3) the amendment would prejudice the other party. *Id.* (citing *Foman v. Davis*, 371 U.S. 178 (1962)).

The longer the delay in seeking to amend, the greater the risk that leave will be denied because of prejudice to the opposing party. *American Tel. and Tel. Co. v. Marstan Industries*,

---

¹ A Pleading that states a claim for relief must contain: (1) a short and plain statement of the ground for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief. FED. R. CIV. P. 8(a).

Inc., 1994 WL 276269, at *3, Civ. Act. No. 93-2961 (E.D. Pa. June 21, 1994) (citing *Cornell & Co., Inc. v. Occupational Safety & Health Review Commission*, 573 F.2d 820, 823-24 (3d Cir. 1978)). However, most courts hold that undue delay alone, unless unexplained and egregious, is not enough for a court to deny a motion to amend. *Id.*

"Futility" challenges an amendment's legal sufficiency. *Foman*, 371 U.S. at 182. In assessing futility, courts apply the same standard of legal sufficiency as applied under Federal Rule of Civil Procedure 12(b)(6). *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997); s*ee also Jablonski v. Pan Am. World Airways, Inc.,* 863 F.2d 289, 292 (3d Cir. 1988) ("Futility is determined by the likelihood that the content of the amendment will survive a renewed motion to dismiss"). The United States Court of Appeals for the Third Circuit has noted that "an amendment would be futile when the complaint, as amended, would fail to state a claim upon which relief could be granted." *Id.*

Prejudice to the opposing party is "the touchstone for the denial of leave to amend." *Cornell and Company, Inc. v. Occupational Safety and Health Review Commission*, 573 F.2d 820, 823 (3d Cir. 1978). "Such prejudice ordinarily is not considered to have occurred unless the Motion is made during or after the actual trial." *Bowser Cadillac, LLC v. General Motors Corp.*, 2008 WL 2802523, at *3, Civ. Act. No. 07-1149 (W.D. Pa. July 18, 2008) (quoting *Jenn-Air Products Co. v. Penn Ventilator*, 283 F.Supp. 591, 594 (E.D.Pa. 1968)).

**III. DISCUSSION**

The Court is not convinced that Plaintiff's delay is motivated by bad faith or dilatory motive. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1434. Plaintiff has not previously filed an amended complaint in the instant case and the parties have conducted no discovery at this time. *Foman*, 371 U.S. at 182. It does not appear to the Court that Defendant will be

3

unfairly burdened as a result of granting Plaintiff leave to amend the Complaint. *Jenn-Air Products Co.* 283 F.Supp. at 594.

Further, Plaintiff's amended complaint would not be futile. The Federal Rules of Civil Procedure are to be construed and administered "to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1. Plaintiff has indicated in his responsive brief an understanding of the issues. (Docket No. 10 at 4-17) and has also stated that he will be withdrawing the Substantive Due Process claim at Count III the Complaint. *Id*. at 17-18. Hence, amendment should advance the case by simplifying the issues.

The Court is mindful that under Federal Rule of Civil Procedure 15, courts are instructed to grant leave to amend when justice requires, not when it is ideal. FED. R. CIV. P. 15(a)(2). However, courts have the discretion to deny an amendment or to impose reasonable conditions upon an amendment to ameliorate undue prejudice to the adverse party. *Arista Records, Inc. v. Plea World, Inc*., 356 F.Supp.2d 411, 419 (D.N.J. Jan. 27, 2005) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc*., 401 U.S. 321, 330-31 (1971)). The risk of prejudice to the adverse party increases with the passage of time. *Marstan Industries*, 1994 WL 276269, at *3 (citing *Robinson v. Cuyler*, 511 F.Supp. 161, 165 (E.D.Pa. Jan. 15, 1981)). The time period between the date in which Plaintiff filed the original complaint and the date he filed the Response in Opposition to Defendant's Motion to Dismiss (Docket No. 9) wherein he requests that the Court grant him leave to amend the Complaint to cure it of any deficiencies (Docket No. 10 at 20) is ten weeks. The Court concludes that this delay alone is not so extensive as to cause prejudice. *Marstan Industries*, 1994 WL 276269, at *3 (holding that the delay of nine months from the filing of the original complaint to the filing of the motion for leave to amend is not prejudicial).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's request for leave to amend his Complaint (Docket No. 10 at 20) is GRANTED and Defendant's Motion to Dismiss Plaintiff's Complaint (Docket No. [6]) is DENIED, without prejudice.

Plaintiff shall file an Amended Complaint by **March 30, 2011 at 5:00 p.m**.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: March 9, 2011
Cc/ecf: All counsel of record.